UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60618-CIV-MOORE/MCALILEY

FENDI ADELE, S.R.L.,

       Plaintiff,

vs.

ALEXANDER OTT, *et al.*,

       Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION

Pending before the Court is Plaintiff's Application for Preliminary Injunction [DE 9]. The Court has carefully considered that Application, and held a preliminary injunction hearing on April 6, 2016, at which only counsel for Plaintiff was present. [DE 15]. Plaintiff served Defendants[1] on March 31, 2016 and April 4, 2016. [DE 24, 25, 26]. Defendants have not responded to the Application for Preliminary Injunction,[2] nor made any filing in this case, nor have Defendants appeared in this matter either individually or through counsel. This matter was referred to me by the Honorable K. Michael Moore. [DE 12]. For the reasons set forth below, I recommend that the Court grant the Application for Preliminary Injunction.

_____

[1] Defendants are the individuals, partnerships or unincorporated associations using the seller identities listed on Schedule A to this Report and Recommendation.

[2] Defendants Amaz0n Fashion Classic Case Shop, Fanqiekuajing E-Commerce Co., Ltd, Rookie Xue Case, 2013service888, and balevale emailed Plaintiff's counsel upon notification that their accounts had been restrained. [DE 27.] Plaintiff's counsel replied to those emails and, among other things, informed those Defendants of the hearing scheduled for April 6, 2016. [*Id.*] At the hearing Plaintiff's counsel advised the Court that she had received no formal response to the Temporary Restraining Order or Application for Preliminary Injunction from any Defendant and no such response has been filed with the Court.

## I.    Background

Plaintiff Fendi Adele, S.r.l. is the owner of all rights to the following trademarks on the

Principal Register of the United States Patent and Trademark Office (the "FENDI Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| FENDI | 1,244,466 | July 5, 1983 | IC 018 – traveling Luggage, Trunks, Purses, Rucksacks, Brief Cases, Attache Cases, Wallets, Key Cases, Passport Cases, Business Card Cases, Cosmetic Cases Sold Empty, Shirt Bags.<br><br>IC 025 – fur Coats, Fur Stoles, Fur Jackets, Raincoats, Cloth Coats, Jackets, Skirts, Blouses, Dresses, Hosiery, Shirts, Trousers, Hats, Scarves, Foulards, Gloves, Ties, Neckwear, Belts, Swimwear, Shoes, Boots. |
| **FENDI** | 3,940,027 | April 5, 2011 | IC 018 – leather and imitation leather, furs, umbrellas, parasols, walking sticks, saddlery, animal skins, animal hides, traveling bags, handbags, shoulder bags, briefcases, attache cases, trunks, leatherwear, namely, key cases, purses, wallets, suitcases, backpacks, rucksacks, cosmetic cases sold empty, business card cases, sport bags, waist bags, beach bags, boxes made of leather, pouches, leather straps, general purpose trolley bags.<br><br>IC 025 – clothing, namely, shirts, t-shirts, sweatshirts, sport shirts, pants, sport pants, trousers, jeans, shorts, skirts, dresses, belts, sweaters, cardigans, pullovers, business suits, suits, waistcoats, smoking jackets, tuxedos, tailcoats, coats, jackets, fur coats, fur jackets, fur shawls, scarves, foulards, neckties, bowties, gloves; waterproof clothing, namely, |

| | | | |
|---|---|---|---|
| | | | waterproof jackets, waterproof pants, waterproof headwear, swimsuits; headbands, caps, hats; footwear, namely, shoes, sport shoes, boots, slippers, sneakers, sandals. |
|  | 4,362,861 | July 9, 2013 | IC 003 – perfumes, eau de parfum, eau de Cologne, toilet water, after shave creams, after shave lotions, shaving lotions, shaving creams and foams, hair lotions, shampoos, hair conditioners, essential oils for personal use, beauty masks, cold creams, hand creams, body and facial creams, deodorants for personal use, antiperspirants for personal use, skin cleansers, soaps for personal use, toilet soaps, bath soaps, bath and shower foams, bath and shower gel, body oils, body lotions, skin lotions, lipsticks, lip gloss, face powders, eye pencils, rouge, mascara, eye shadows, foundation make-up, talcum powder, nail polish.<br><br>IC 009 – eyeglasses, sunglasses, eyeglass and sunglass lenses, eyeglass frames and eyeglass cases; telephones and mobile phones; computers, laptop computers, MP3 players, personal digital assistants; cameras and digital cameras; video cameras; bags, cases and sleeves specially adapted for holding or carrying all the above mentioned goods.<br><br>IC 014 – jewelry of precious and non-precious metal, namely, bracelets, necklaces, neck chains and rings, brooches, earrings, pendants, tie-pins, cuff-links, precious stones, jewelry cases; clocks, watches, wristwatches, diving watches, pocket watches, watch bands and straps, watch chains, watch cases, chronographs for use as timepieces and for use as watches, chronometers. |

IC 018 – bags, namely, shoulder bags, travelling bags, handbags, Boston bags, waist packs, sling bags for carrying infants, leather and canvas shopping bags, duffle bags, tote bags, clutch bags, trunks, wallets, purses, briefcases, attach cases, pouches of leather or textile, school bags, suitcases, garment bags for travel, key cases made of leather, backpacks, rucksacks, vanity cases sold empty, carry-on bags, beach bags, umbrellas.

IC 020 – furniture, bathroom furniture, kitchen furniture, household furniture, namely, chairs, lounge chairs, armchairs, tables, coffee tables, benches, stools, beds, bedside tables, wardrobes, umbrella stands, desks, coat stands, sofas and divans, ottomans, shelves, drawers, wall cupboards, showcases, television stands, serving trolleys, bookshelves, bathroom cabinets; furniture parts, namely, finished countertops sold separately; shelves; non-metal furniture parts, namely, legs, feet, wheels, handles and knobs; mirrors and picture frames.

IC 024 – bath towels, beach towels; bath linen, table supplies of textile, namely, table linen of textile, table cloths of textile, napkins of textile; textile coverings, namely, curtains, draperies, unfitted textile slipcovers for bed headboards, sofas and armchairs, and textile coverings for beds, namely, bed sheets, pillow cases, blankets, bedspreads, mattress covers, quilts, comforters, bed skirts; bed linen, wash cloths for use as towels, handkerchiefs of textile.

IC 025 – articles of clothing for men,

|  |  |  | women and children, namely, pullovers, cardigans, sweaters, jerseys, jumpers, jackets, sweatshirts, parkas, bathing suits, blouses, shirts, trousers, jeans, waistcoats, skirts, shorts, T-shirts, dresses, men's suits, coats, raincoats, overcoats, fur coats and jackets, overalls, underwear, vests, hosiery and panty hose, bathrobes, shawls, scarves, neckties, gloves for clothing, belts for clothing, shoes, boots, sandals, slippers, clogs, hats and caps.

IC 035 – the bringing together, for the benefit of others, of a variety of goods excluding the transport thereof, such as perfumery, cosmetics, eyeglasses, telephone equipment, computers, photographic apparatus, video cameras, jewellery, horological instruments, bags, wallets and other leather goods, furniture, mirrors, picture frames, bed and table covers, towels, clothing, footwear, headgear, personal accessories, enabling customers to conveniently view and purchase those goods, as well as retail store services for the above mentioned products.

IC 043 – resort hotel services, namely, hotel services and hotel accommodation, hotel services for holidays, resort hotel services; providing temporary lodging services in the nature of a condominium and cooperative hotel; restaurant, bar and cocktail lounge services; contract food services; take away restaurant services; bars, restaurants and cafes; catering services; provision of exhibition facilities in the nature of halls; travel agency services, namely, making reservations and bookings for temporary accommodation. |
|--|--|--|--|

| | | | |
|---|---|---|---|
| **FENDI** | 4,409,049 | October 1, 2013 | IC 003 – perfumes, eau de parfum, eau de Cologne, toilet water, after shave creams, after shave lotions, shaving lotions, shaving creams and foams, hair lotions, shampoos, hair conditioners, essential oils for personal use, beauty masks, cold creams, hand creams, body and facial creams, deodorants for personal use, antiperspirants for personal use, skin cleansers, soaps for personal use, toilet soaps, bath soaps, bath and shower foams, bath and shower gels, body oils, body lotions, skin lotions, lipsticks, lip gloss, face powders, eye pencils, rouge, mascara, eye shadows, foundation make-up, talcum powder, nail polish.<br><br>IC 009 – eyeglasses, sunglasses, eyeglass and sunglass lenses, eyeglass frames and eyeglass cases; telephones and mobile phones; computers, laptop computers, MP3 players, personal digital assistants; cameras and digital cameras; video cameras; bags, cases and sleeves specially adapted for holding or carrying all the above mentioned goods.<br><br>IC 014 – jewelry of precious and non-precious metal, namely, bracelets, necklaces, neck chains and rings, brooches, earrings, pendants, tie-pins, cuff-links, precious stones, jewelry cases; clocks, watches, wristwatches, diving watches, pocket watches, watch bands and straps, watch chains, watch cases, chronographs for use as timepieces and for use as watches, chronometers.<br><br>IC 018 – bags, namely, shoulder bags, travelling bags, handbags, Boston bags, waist packs, sling bags for carrying infants, leather and canvas |

|  |  |  | shopping bags, duffle bags, tote bags, clutch bags, trunks, wallets, purses, briefcases, attach cases, pouches of leather or textile, school bags, suitcases, garment bags for travel, key cases made of leather, backpacks, rucksacks, vanity cases sold empty, carry-on bags, beach bags, umbrellas.<br><br>IC 020 – furniture, bathroom furniture, kitchen furniture, household furniture, namely, chairs, lounge chairs, armchairs, tables, coffee tables, benches, stools, beds, bedside tables, wardrobes, umbrella stands, desks, coat stands, sofas and divans, ottomans, shelves, drawers, wall cupboards, showcases, television stands, serving trolleys, bookshelves, bathroom cabinets; furniture parts, namely, finished countertops sold separately; shelves; non-metal furniture parts, namely, legs, feet, wheels, handles and knobs; mirrors and picture frames.<br><br>IC 024 – bath towels, beach towels; bath linen, table supplies of textile, namely, table linen of textile, table cloths of textile, napkins of textile; textile coverings, namely, curtains, draperies, unfitted textile slipcovers for bed headboards, sofas and armchairs, and textile coverings for beds, namely, bed sheets, pillow cases, blankets, bedspreads, mattress covers, quilts, comforters, bed skirts; bed linen, wash cloths for use as towels, handkerchiefs of textile.<br><br>IC 025 – articles of clothing for men, women and children, namely, pullovers, cardigans, sweaters, jerseys, jumpers, jackets, sweatshirts, parkas, bathing suits, blouses, shirts, trousers, jeans, waistcoats, skirts, shorts, T- |

|  |  |  | shirts, dresses, men's suits, coats, raincoats, overcoats, fur coats and jackets, overalls, underwear, vests, hosiery and panty hose, bathrobes, shawls, scarves, neckties, gloves for clothing, belts for clothing, shoes, boots, sandals, slippers, clogs, hats and caps.<br><br>IC 035 – the bringing together, for the benefit of others, of a variety of goods excluding the transport thereof, such as perfumery, cosmetics, eyeglasses, telephone equipment, computers, photographic apparatus, video cameras, jewellery, horological instruments, bags, wallets and other leather goods, furniture, mirrors, picture frames, bed and table covers, towels, clothing, footwear, headgear, personal accessories, enabling customers to conveniently view and purchase those goods, as well as retail store services for the above mentioned products.<br><br>IC 043 – resort hotel services, namely, hotel services and hotel accommodation, hotel services for holidays, resort hotel services; providing temporary lodging services in the nature of a condominium and cooperative hotel; restaurant, bar and cocktail lounge services; contract food services; take away restaurant services; bars, restaurants and cafes; catering services; provision of exhibition facilities in the nature of halls; travel agency services, namely, making reservations and bookings for temporary accommodation. |
|--|--|--|--|

[*See* DE 9-1 ¶ 5 (declaration of Massimo Lepri)]. The FENDI Marks are used in connection with the manufacture and distribution of high quality goods in the categories identified above.  [DE 9-1 ¶ 5].

Defendants, through the operation of Internet e-commerce stores, have advertised, promoted, offered for sale, and/or sold products using what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the FENDI Marks. [DE 9-1 ¶¶ 9-14; DE 9-6 ¶ 2 (declaration of Christine Ann Daley); DE 9-3 ¶¶ 4-5 (declaration of Kathleen Burns); DE 9-4 through 9-5 (exhibits A and B to the declaration of Kathleen Burns)]. Defendants identify themselves using the Internet names set forth on Schedule "A" attached hereto (the "Seller IDs"). Schedule "B-2", attached to this Report and Recommendation, identifies PayPal accounts for Defendant Numbers 24-27, identified by the e-mail addresses linked to those accounts, that Plaintiff determined are used by particular Seller IDs to collect payment for their sale of goods. [DE 11 at 14; DE 9-3 ¶ 5; DE 9-5.]

I find that Plaintiff has submitted sufficient evidence that each Defendant, through its offer for sale of goods, has infringed one or more of the FENDI Marks.  [DE 9-1 ¶¶ 9-14]. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the FENDI Marks.  [*Id.* at ¶¶ 9, 14].

Plaintiff retained Aries Claims Services, a licensed private investigative firm, to investigate Defendants' promotion and sale of counterfeit versions of Plaintiffs' products. [DE 9-1 ¶ 10; DE 9-3 ¶ 3; DE 9-6 ¶ 2.] Kathleen Burns, a partner at Aries Claims Services, used the Internet to access the Amazon.com based e-commerce stores operating under the Seller IDs identified on Schedule "B-1" to the Application (a copy of that Schedule is attached to this Report and Recommendation), and for each Seller ID completed a purchase of at least one product bearing the FENDI Marks. [DE 9-3 ¶ 4, DE 9-4.] Additionally, Ms. Burns used the Internet to access the eBay.com and iOffer.com based e-commerce stores operating under the

Seller IDs identified on Schedule "B-2" to the Application (a copy of which is attached hereto), and for each Seller ID completed a purchase of at least one product bearing the FENDI Marks. [DE 9-3 ¶ 5, DE 9-5.] After she placed those orders, Ms. Burns finalized her purchases by making payment to Defendants' respective PayPal accounts, which are identified on Schedule B-2. [*Id.*]

Plaintiff's representative visually inspected the items offered for sale under the FENDI Marks on the e-commerce stores operating under the Seller IDs, and determined the products are not genuine versions of Plaintiff's products. [DE 9-1 ¶¶ 11-14].

On March 22, 2016, Plaintiff filed its Complaint [DE 1] against Defendants for trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. The following day, Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. [DE 9]. On March 24, 2016, Judge Moore entered a Temporary Restraining Order (TRO). [DE 11]. The TRO enjoined Defendants from, among other actions, continuing to manufacture, promote, and/or sell any product bearing Plaintiff's alleged infringed trademarks. On March 31, 2016 and April 4, 2016, Plaintiff served Defendants in the manner authorized by the TRO, and on April 4, 2016, Plaintiff filed proof of service. [DE 11, ¶ 15; DE 24; DE 25; DE 26.]

## II.   Analysis

Plaintiff has filed claims pursuant to 15 U.S.C. §§ 1114(1)(a) and 1125(a). Title 15 U.S.C. section 1116(a) provides the Court "shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or

to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title." 15 U.S.C. § 1116(a). Injunctive relief is also available under section 1116(a) for a violation of section 1114(1)(a). *See* 15 U.S.C. § 1116(d)(1)(A).

To obtain a preliminary injunction, Plaintiff must demonstrate "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction were not granted; (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction would not disserve the public interest." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995).

The declarations Plaintiff submitted in support of its Application for Preliminary Injunction support the following conclusions of law.

First, Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of products bearing counterfeits, reproductions, and/or colorable imitations of the FENDI Marks, and that these products are copies of Plaintiff's products.

Second, because of Defendants' infringement of the FENDI Marks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. It clearly appears from the following facts, as set forth in Plaintiff's Complaint, Application for Preliminary Injunction, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely, than not, true that:

      a.    Through the operation of twenty-seven e-commerce stores, Defendants are operating Internet businesses which advertise, promote, offer for sale, and

sell products bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

b.    There is good cause to believe that Defendants will continue to offer for sale more counterfeit and infringing products bearing the FENDI Marks, that consumers are likely to be misled, confused, and disappointed by the quality of these products, and that Plaintiff may suffer loss of sales of its genuine products; and

c.    Plaintiff has well-founded fears that unless the injunction is granted, Defendants can easily and quickly transfer and/or redirect commercial activity from one e-commerce store to another, change payment accounts, and transfer assets, thereby thwarting Plaintiff's ability to obtain meaningful relief.

Third, the balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded products if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill as a manufacturer and distributor of high quality products, if such relief is not issued. Finally, the public interest favors issuance of the preliminary injunction to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

In its proposed preliminary injunction order, Plaintiff asks that the preliminary injunction include a restraint of all PayPal and Amazon accounts associated with the Seller IDs. Title 15 U.S.C. § 1117(a) provides that Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sale of goods bearing counterfeits and infringements of the FENDI Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d

552, 559 (9th Cir. 1992). Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset restraint, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Fed. Trade Comm'n v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).  In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Thus, I find that Plaintiff has established entitlement to the restraint of all PayPal and Amazon accounts related to each of Defendant's specific Seller IDs or email addresses that have been identified as engaging in the infringing conduct. However, Plaintiff has failed to establish its entitlement to a broad restraint on any other funds that may be associated with the entities or person who hold these Seller IDs or email addresses.[3]

## III.  Recommendation and Order

Based on the foregoing, I RECOMMEND that Plaintiff's Application for Preliminary Injunction [DE 9] be granted and the Court enter the Order attached as attachment A to this Report and Recommendation.

In order to give all parties a meaningful opportunity to file any objections to this Report and Recommendation, I ORDER Plaintiff to immediately serve this Report and

---

[3] In its proposed preliminary injunction order, Plaintiff asks the Court to also restrain funds in or which are transmitted into: (1) any other accounts of the defendants identified by Seller IDs or email addresses, (2) any other accounts which transfer funds into the same financial institution accounts, or any of the other accounts subject to the preliminary injunction, and (3) any other accounts tied to or used by any of the defendant identified by Seller IDs or email addresses. At the preliminary injunction hearing, Plaintiff conceded that these accounts may contain wholly legitimate funds completely unrelated to the alleged infringing conduct. Given the absence of any evidence that those accounts contain illegitimate funds, I find that Plaintiff did not provide a sufficient basis for this broad restraint of assets.

Recommendation on Defendants in the manner described in paragraph 15 of the Temporary Restraining Order [DE 11, ¶ 15]. Plaintiff shall immediately file proof of service.

## IV.   Objections

The parties may file written objections to this Report and Recommendation with the Honorable K. Michael Moore **no later than April 15, 2016**. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger,* 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida this 8th day of April, 2016.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable K. Michael Moore
Counsel of record

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SELLER ID

| Def. No. | Seller Display Name | E-Commerce Store Type |
|---|---|---|
| 1 | ALEXANDER OTT | Amazon.com |
| 2 | Amanda Presley | Amazon.com |
| 3 | Amaz0n Fashion classic case shop | Amazon.com |
| 4 | an an | Amazon.com |
| 5 | Chaoso Low Best | Amazon.com |
| 6 | chenchaodong | Amazon.com |
| 7 | DALKDAD | Amazon.com |
| 8 | Elliot Rosenau001 | Amazon.com |
| 9 | Fanqiekuajing E-Commerce Co., Ltd.. | Amazon.com |
| 10 | If you love me | Amazon.com |
| 11 | Janet Perkins | Amazon.com |
| 12 | jayson Manssur | Amazon.com |
| 13 | Kellycase | Amazon.com |
| 14 | Liantou Liu | Amazon.com |
| 15 | linxbox | Amazon.com |
| 16 | liulangtao | Amazon.com |
| 17 | LYL Custom Design | Amazon.com |
| 18 | Marjorie Marinelli | Amazon.com |
| 19 | meiyi | Amazon.com |
| 20 | M-Maz | Amazon.com |
| 21 | MOKEY | Amazon.com |
| 22 | Rookie Xue Case | Amazon.com |
| 23 | Somer Lester Shop | Amazon.com |
| 24 | 2013service888 | eBay.com |
| 25 | balevale | iOffer.com |
| 26 | hvolkan | iOffer.com |
| 27 | idobeautywigs | iOffer.com |

## SCHEDULE "B"
## DEFENDANTS AND ASSOCIATED PAYMENT ACCOUNTS BY INVESTIGATION

1) **Burns' Investigation: Seller IDs operating via Amazon.com – ¶ 4 and Composite Exhibit A**

| Def. No. | Seller Display Name | Item Purchased | Seller ID | Infringing Product ASIN |
|---|---|---|---|---|
| 1 | ALEXANDER OTT | mobile phone case | A1RCI6NN4NZSZK | B00Y2F8C3Q |
| 2 | Amanda Presley | mobile phone case | A2LF7PVGPWSMAC | B00Y2F6ZKS |
| 3 | Amaz0n Fashion classic case shop | mobile phone case | ABSR8B2TX0JOU | B00XMBXQUK |
| 4 | an an | mobile phone case | AD7YOHS1K2IRU | B00XMBXQUK |
| 5 | Chaoso Low Best | mobile phone case | AA3BYZPWOMIMA | B015H21DOM |
| 6 | chenchaodong | mobile phone case | A2TYFX59DW7QJA | B00Y2F6ZKS |
| 7 | DALKDAD | mobile phone case | A3MF79H6FS5Z30 | B00Y2F6ZKS |
| 8 | Elliot Rosenau001 | mobile phone case | A231J0EI3FZ4O0 | B00Y2I24D2 |
| 9 | Fanqiekuajing E-Commerce Co., Ltd.. | mobile phone case | A2JQ85728RI9J | B019BBBHDW |
| 10 | If you love me | mobile phone case | ASRFLWNIKJEKC | B016NN29ME |
| 11 | Janet Perkins | mobile phone case | A22GL9BY4H8YZR | B015GHHJXW |
| 12 | jayson Manssur | mobile phone case | AIM1QM07QRNAJ | B0161CN3PE |
| 13 | Kellycase | mobile phone case | A2FUWD3QW92QCB | B00Y2F6ZKS |
| 14 | Liantou Liu | mobile phone case | A3KOZSNXZWV1M5 | B00Y2F6ZKS |
| 15 | linxbox | mobile phone case | A176K10U1UFHFF | B00Y2F9RIU |
| 16 | liulangtao | mobile phone case | A2BHN5SSJ11PTI | B00Y2F6ZKS |

| Def. No. | Seller Display Name | Item Purchased | Seller ID | Infringing Product ASIN |
|---|---|---|---|---|
| 17 | LYL Custom Design | mobile phone case | A2N99WX6910YV4 | B00Y2I4QRY |
| 18 | Marjorie Marinelli | mobile phone case | A3BI02KUQ0W33Q | B00Y2F6ZKS |
| 19 | meiyi | mobile phone case | A8ZT0XNUEJMTF | B00Y2FBX0K |
| 20 | M-Maz | mobile phone case | A2NB16Y8ZT7GTF | B017936WFM |
| 21 | MOKEY | mobile phone case | A23ODPNJB0GO1O | B00Y2F6ZKS |
| 22 | Rookie Xue Case | mobile phone case | AMHITOBRZZAAY | B00Y2F6ZKS |
| 23 | Somer Lester Shop | mobile phone case | A35X4K5WA48XW4 | B01BD0XRRI |
| 24 | 2013service888 | mobile phone case | N/A | N/A |

2) **Burns' Investigation: Seller IDs operating via eBay.com and iOffer.com – ¶ 5 and Composite Exhibit B**

| Def. No. | Seller Display Name | E-Commerce Store Type | Item Purchased | PayPal Account |
|---|---|---|---|---|
| 24 | 2013service888 | eBay | mobile phone case | lianganbing@gmail.com |
| 25 | balevale | iOffer | tee-shirt | gokhanbali@live.com |
| 26 | hvolkan | iOffer | handbag | fbvolkan2@yandex.com |
| 27 | idobeautywigs | iOffer | Belt | ibeautywigs@hotmail.com |

ATTACHMENT "A"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60618-KMM

FENDI ADELE, S.R.L.,

        Plaintiff,

vs.

ALEXANDER OTT, *et al.*,

        Defendants.

_____/

## <u>PRELIMINARY INJUNCTION</u>

THIS CAUSE came before the Court on the Report and Recommendation of Magistrate Judge Chris McAliley. [DE __]. Therein, Judge McAliley recommends that the Court grant Plaintiff's Application for Entry of a Preliminary Injunction. [DE 9]. Plaintiff has filed proof of service on all Defendants. [DE 23-26, ____]. No objections were filed and the time for doing so has passed – OR – The following objections were filed……….. UPON CONSIDERATION, of the Report, the Motion, and a *de novo* review of the record, it is hereby ORDERED AND ADJUDGED that Judge McAliley's Report and Recommendation is ADOPTED.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Application for Preliminary Injunction is GRANTED. It is further

ORDERED AND ADJUDGED that

1.  Each Defendant,[1] its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order are hereby restrained and enjoined:

    a.  From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the FENDI Marks, as defined in paragraph 18 of the Complaint [DE 1] and in Section I of the Report and Recommendation [DE __], or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

    b.  From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the FENDI Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the FENDI Marks, or any confusingly similar trademarks.

2.  Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order shall immediately discontinue, until further order of this Court, the use of the FENDI Marks or any confusingly similar trademarks in connection with the sale and offering for sale of non-genuine versions of Plaintiff's goods, on or in connection with all Internet based e-commerce store website businesses operated or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs;

---

[1] The Defendants subject to this Preliminary Injunction are the individuals, partnerships or unincorporated associations using the seller identities set forth on Schedule "A" hereto.

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the FENDI Marks, or any confusingly similar trademarks in connection with the sale and offering for sale of non-genuine versions of Plaintiff's goods, within metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to Internet based e-commerce store website businesses registered by, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs;

4. Each Defendant shall not transfer ownership of the Internet based e-commerce store website businesses under their Seller IDs during the pendency of this Action, or until further Order of the Court;

5. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Internet based e-commerce store website businesses under their Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores under their Seller IDs that may have been deleted before the entry of this Order;

6. Upon receipt of notice of this Order, Amazon Payments, Inc. ("Amazon")[2] and its related companies and affiliates shall, to the extent not already done, immediately identify and restrain all funds (as opposed to ongoing account activity) in, or which hereafter are transmitted into, the Amazon accounts of Defendant Numbers 1-23 as identified in Schedule "B" hereto;

7. Upon receipt of notice of this Order, PayPal, Inc. ("PayPal")[3] and its related companies and affiliates shall, to the extent not already done, immediately restrain all funds (as opposed to ongoing account activity) in, or which hereafter are transmitted into, the PayPal accounts of Defendant Numbers 24-27 as identified on Schedule "B" hereto;

8. Amazon and PayPal shall also, to the extent not already done, immediately divert to a holding account for the trust of the Court all funds in all Amazon and PayPal accounts identified on Schedule "B" hereto;

9. Amazon and PayPal shall further, to the extent not already done, within five business days of receiving this Order, provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners, until after those

---

[2]   Amazon is licensed to do business in the State of Florida by the Florida Office of the Controller and is therefore subject to personal jurisdiction in this Court. *See* Decl. of Christine Ann Daley at ¶ 6 and Exhibit A thereto.
[3]   PayPal is licensed to do business in the State of Florida by the Florida Office of the Controller and is therefore subject to personal jurisdiction in this Court. *See* Decl. of Christine Ann Daley at ¶ 7 and Exhibit B thereto.

accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by Amazon or PayPal for any purpose (other than pursuant to a chargeback made pursuant to Amazon's or PayPal's security interest in the funds) without the express authorization of this Court;

10. Plaintiffs may move this Court to expand the scope of this Order to apply to Seller IDs, associated e-commerce stores, and any other seller identification names, e-commerce stores, PayPal accounts, or Amazon accounts, identified by sworn affidavits as being used by Defendants for the purpose of counterfeiting the FENDI Marks at issue in this action or unfairly competing with Plaintiff on the World Wide Web;

11. Any Defendant or any financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out herein;

12. Plaintiff shall maintain its bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court;

13. This Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of _____, 2016.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:    All counsel of record

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SELLER ID

| Def. No. | Seller Display Name | E-Commerce Store Type |
|---|---|---|
| 1 | ALEXANDER OTT | Amazon.com |
| 2 | Amanda Presley | Amazon.com |
| 3 | Amaz0n Fashion classic case shop | Amazon.com |
| 4 | an an | Amazon.com |
| 5 | Chaoso Low Best | Amazon.com |
| 6 | chenchaodong | Amazon.com |
| 7 | DALKDAD | Amazon.com |
| 8 | Elliot Rosenau001 | Amazon.com |
| 9 | Fanqiekuajing E-Commerce Co., Ltd.. | Amazon.com |
| 10 | If you love me | Amazon.com |
| 11 | Janet Perkins | Amazon.com |
| 12 | jayson Manssur | Amazon.com |
| 13 | Kellycase | Amazon.com |
| 14 | Liantou Liu | Amazon.com |
| 15 | linxbox | Amazon.com |
| 16 | liulangtao | Amazon.com |
| 17 | LYL Custom Design | Amazon.com |
| 18 | Marjorie Marinelli | Amazon.com |
| 19 | meiyi | Amazon.com |
| 20 | M-Maz | Amazon.com |
| 21 | MOKEY | Amazon.com |
| 22 | Rookie Xue Case | Amazon.com |
| 23 | Somer Lester Shop | Amazon.com |
| 24 | 2013service888 | eBay.com |
| 25 | balevale | iOffer.com |
| 26 | hvolkan | iOffer.com |
| 27 | idobeautywigs | iOffer.com |

## SCHEDULE "B"
## DEFENDANTS AND ASSOCIATED PAYMENT ACCOUNTS BY INVESTIGATION

1) **Burns' Investigation: Seller IDs operating via Amazon.com – ¶ 4 and Composite Exhibit A**

| Def. No. | Seller Display Name | Item Purchased | Seller ID | Infringing Product ASIN |
|---|---|---|---|---|
| 1 | ALEXANDER OTT | mobile phone case | A1RCI6NN4NZSZK | B00Y2F8C3Q |
| 2 | Amanda Presley | mobile phone case | A2LF7PVGPWSMAC | B00Y2F6ZKS |
| 3 | Amaz0n Fashion classic case shop | mobile phone case | ABSR8B2TX0JOU | B00XMBXQUK |
| 4 | an an | mobile phone case | AD7YOHS1K2IRU | B00XMBXQUK |
| 5 | Chaoso Low Best | mobile phone case | AA3BYZPWOMIMA | B015H21DOM |
| 6 | chenchaodong | mobile phone case | A2TYFX59DW7QJA | B00Y2F6ZKS |
| 7 | DALKDAD | mobile phone case | A3MF79H6FS5Z30 | B00Y2F6ZKS |
| 8 | Elliot Rosenau001 | mobile phone case | A231J0EI3FZ4O0 | B00Y2I24D2 |
| 9 | Fanqiekuajing E-Commerce Co., Ltd.. | mobile phone case | A2JQ85728RI9J | B019BBBHDW |
| 10 | If you love me | mobile phone case | ASRFLWNIKJEKC | B016NN29ME |
| 11 | Janet Perkins | mobile phone case | A22GL9BY4H8YZR | B015GHHJXW |
| 12 | jayson Manssur | mobile phone case | AIM1QM07QRNAJ | B0161CN3PE |
| 13 | Kellycase | mobile phone case | A2FUWD3QW92QCB | B00Y2F6ZKS |
| 14 | Liantou Liu | mobile phone case | A3KOZSNXZWV1M5 | B00Y2F6ZKS |
| 15 | linxbox | mobile phone case | A176K10U1UFHFF | B00Y2F9RIU |
| 16 | liulangtao | mobile phone case | A2BHN5SSJ11PTI | B00Y2F6ZKS |

7

| Def. No. | Seller Display Name | Item Purchased | Seller ID | Infringing Product ASIN |
|---|---|---|---|---|
| 17 | LYL Custom Design | mobile phone case | A2N99WX6910YV4 | B00Y2I4QRY |
| 18 | Marjorie Marinelli | mobile phone case | A3BI02KUQ0W33Q | B00Y2F6ZKS |
| 19 | meiyi | mobile phone case | A8ZT0XNUEJMTF | B00Y2FBX0K |
| 20 | M-Maz | mobile phone case | A2NB16Y8ZT7GTF | B017936WFM |
| 21 | MOKEY | mobile phone case | A23ODPNJB0GO1O | B00Y2F6ZKS |
| 22 | Rookie Xue Case | mobile phone case | AMHITOBRZZAAY | B00Y2F6ZKS |
| 23 | Somer Lester Shop | mobile phone case | A35X4K5WA48XW4 | B01BD0XRRI |
| 24 | 2013service888 | mobile phone case | N/A | N/A |

**2) Burns' Investigation: Seller IDs operating via eBay.com and iOffer.com – ¶ 5 and Composite Exhibit B**

| Def. No. | Seller Display Name | E-Commerce Store Type | Item Purchased | PayPal Account |
|---|---|---|---|---|
| 24 | 2013service888 | eBay | mobile phone case | lianganbing@gmail.com |
| 25 | balevale | iOffer | tee-shirt | gokhanbali@live.com |
| 26 | hvolkan | iOffer | handbag | fbvolkan2@yandex.com |
| 27 | idobeautywigs | iOffer | Belt | ibeautywigs@hotmail.com |